IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIC GOMEZ, on behalf of himself and all others similarly situated, § § § *Plaintiff,* § § v. § § TRINITY COURIERS, INC. and TRINITY COURIERS OF HOUSTON, INC., § § § § *Defendants.* § § § | CIVIL ACTION NO. 4:19-cv-2186  JURY DEMAND |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Eric Gomez (referred to as "Plaintiff") bringing this collective action lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Trinity Couriers, Inc. and Trinity Couriers of Houston, Inc. (referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

### I.   Nature of Suit

1.   Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.   The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers …" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines

appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours… at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants reside in the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas.

## III.  Parties

8. Eric Gomez is an individual who resides in Houston, Texas and who was employed by Trinity during the last three years.

9. Trinity Couriers, Inc. is a Texas corporation that may be served with process by serving its registered agent, John L. Jackson, at 19365 FM 2252 #5, Garden Ridge, Texas 78266. Alternatively, if the registered agent of Trinity Couriers, Inc. cannot with reasonable diligence be

found at the company's registered office, Trinity Couriers, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10. Trinity Couriers of Houston, Inc. is a Texas corporation that may be served with process by serving its registered agent, John L. Jackson, at 19365 FM 2252 #5, Garden Ridge, Texas 78266. Alternatively, if the registered agent of Trinity Couriers of Houston, Inc. cannot with reasonable diligence be found at the company's registered office, Trinity Couriers of Houston, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

11. Whenever it is alleged that Defendants committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

12. Defendants are a courier service that do business in the territorial jurisdiction of this Court.

13. Defendants employed Plaintiff as a courier from approximately August 2016 to September 2018. During Plaintiff's employment with Defendants, he was engaged in commerce or the production of goods for commerce.

14. During Plaintiff's employment with Defendants, Defendants had employees engaged in commerce or in the production of goods for commerce. During Plaintiff's

employment with Defendants, Defendants had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

15. During Plaintiff's employment with Defendants, Defendants had an annual gross volume of sales made or business done of at least $500,000.00.

16. Defendants paid Plaintiff primarily on a day-rate basis.

17. During Plaintiff's employment with Defendants, he regularly worked in excess of forty (40) hours per week.

18. Defendants knew or reasonably should have known that Plaintiff worked in excess of forty (40) hours per week.

19. Defendants additionally charged Plaintiff a fee of $50.00 per paycheck to cover damages to company vehicles which amounted to approximately $1,200.00 annually.

20. Defendants did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

21. Instead, Defendants paid Plaintiff a flat sum of $153.00 for each day's work regardless of the number of hours he actually worked in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

22. In other words, Defendants paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed, which directly violates the FLSA.

23. Defendants knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

24. Defendants failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

25. Defendants knew or showed a reckless disregard for whether its pay practices

violated the FLSA.

26. Defendants are liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

27. All day-rate paid couriers employed by Defendants within the last three-years and during the statutory period are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Trinity Couriers pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a).

28. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

29. During Plaintiff's employment with Defendants, he was a nonexempt employee.

30. As a nonexempt employee, Defendants were legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

31. Defendants did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

32. Instead, Defendants paid Plaintiff a flat sum for each day's work regardless of the number of hours he worked in a workweek. *See*, 29 C.F.R. §778.112 (day-rate workers entitled to additional overtime premium).

33. In other words, Defendants paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

34. If Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

35. Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendants willfully violated the overtime requirements of the FLSA.

## VI. Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

36. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

37. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

38. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—Collective Action Allegations

39. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

40. On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

41. These employees are similarly situated to Plaintiff Gomez because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty (40) in a workweek.

42. Defendants' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

43. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Putative Class Members, collective action treatment is appropriate.

44. All employees of Defendants, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty (40) in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> **All day-rate-paid couriers employed by Defendants' during the last three years who did not participate as an opt-in in *Green v. Trinity Couriers* previously filed and dismissed in the Southern District of Texas (case 4:17-cv-02102).**

45. Defendants are liable to Plaintiff and the other couriers for the difference between what it actually paid them and what it was legally obligated to pay them.

46. Because Defendants knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, even after previously being sued for the very same violation, Defendants owe Plaintiff and the other couriers their unpaid overtime wages for at least the last three years.

47. Defendants are liable to Plaintiff and the other couriers in an amount equal to their unpaid overtime wages as liquidated damages.

48. Defendants are liable to Plaintiff and the other couriers for their reasonable attorneys' fees and costs.

49. Plaintiff has retained counsel who are well versed in FLSA collective action

litigation and who are prepared to litigate this matter vigorously on behalf of him and all other Putative Class Members.

## VIII. Jury Demand

50. Plaintiff demands a trial by jury.

## IX. Prayer

51. Plaintiff prays for the following relief:

   (a) an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   (b) judgment awarding Plaintiff and the other couriers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   (c) pre-judgment interest at the applicable rate;

   (d) post-judgment interest at the applicable rate;

   (e) incentive awards for any class representative(s); and

   (f) all such other and further relief to which Plaintiff and the other couriers may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Jay Forester*
**J. FORESTER**
SD Bar No. 2657413
Texas Bar No. 24087532
**FORESTER HAYNIE PLLC**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax
**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing will be served in compliance with the federal rules.

*/s/ Jay Forester*
J. Forester